UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ABBOTT LABROTORIES and
ABBOTT BIOTECHNOLOGY LIMITED,

                Plaintiffs,

    - against -

THE MATHILDA AND TERENCE KENNEDY
INSTITUTE OF RHEUMATOLOGY TRUST,

                Defendant.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 11, 2012

11 Civ. 2541 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiffs Abbott Laboratories and Abbott Biotechnology Ltd. ("Abbott") move to strike Defendant The Mathilda and Terence Kennedy Institute of Rheumatology Trust's ("Kennedy") demand for a jury trial on the issue of patent validity.

    On April 13, 2011, Abbott sought a declaratory judgment that the claims of U.S. Patent No. 7,846,442 (the "'442 patent") issued to Kennedy are invalid for Obviousness-Type Double-Patenting of a prior patent issued to Kennedy, U.S. Patent No. 6,270,766 (the "'766 patent"). Kennedy's amended Answer raised five counterclaims, including a counterclaim for a declaratory judgment that the '442 patent is "not invalid" (Answer ¶ 64), and a demand for "a trial by jury in this action on all claims and issues triable of right by a jury." (Id. at 25.) By an order dated August 10, 2012, the Court stayed those counterclaims that do not relate to the validity of the '442 patent (and which may be subject to arbitration) pending trial on the parties' competing claims for declaratory judgment regarding the validity of the '442 patent. The Court GRANTS Abbott's motion to strike Kennedy's demand for a jury trial on the issue of the '442 patent's validity.

The parties agree that whether a Seventh Amendment right to a jury trial arises here is governed by Tull v. United States, 481 U.S. 412 (1987), which "turns on whether the case 'is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty' in 1791," when the Seventh Amendment was adopted. Tegal Corp. v. Tokyo Electron Am., Inc., 257 F.3d 1331, 1339 (Fed. Cir. 2001) (quoting Tull, 481 U.S. at 417)). A right to a jury trial arises only if a case is more similar to those that were tried in courts of law. Id. This inquiry requires a two-part evaluation of (1) the nature of the action; and (2) the nature of the remedy sought. See id. (citing Tull, 481 U.S. at 417-18)). In this analysis, "the nature of the remedy is more important than that of the action." Id. (citing Chauffeurs, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990); Tull, 481 U.S. at 417, 421)).

Whether a claim for a declaratory judgment, which did not exist in 1791, is properly classified as legal or equitable turns on the underlying controversy on which it is founded. In re Lockwood, 50 F.3d 966, 973 (Fed Cir. 1995), vacated 515 U.S. 1182 (1995); see In re Tech. Licensing Corp., 423 F.3d 1286, 1289 (Fed Cir. 2005) (per curiam).[1] In Lockwood, where a patentee brought an infringement action seeking damages and an injunction and demanded a jury trial, and the alleged infringer counterclaimed for a declaration that the patents were invalid, the Federal Circuit held that the closest eighteenth-century analog was a suit for patent infringement where an accused infringer pleaded invalidity as an affirmative defense. Lockwood, 50 F.3d at 974; Tech. Licensing, 423 F.3d at 1289. The court ruled that such cases implicate the Seventh Amendment's right to a jury trial because a patentee in the eighteenth century had a choice as to what remedy to seek for infringement— if the patentee sought damages, the patentee brought an

---

[1] Although vacated by the Supreme Court without an opinion after Lockwood withdrew his request for a jury trial, the Federal Circuit has adopted Lockwood's analysis in subsequent cases. See Tech. Licensing, 423 F.3d at 1288; Tegal, 257 F.3d at 1340.

action at law (and the defense of invalidity would be tried to a jury); if the patentee sought only to enjoin future acts of infringement, the patentee brought a suit in equity (and the defense of invalidity would be tried to the bench).  See Lockwood, 50 F.3d at 976; Tech. Licensing, 423 F.3d at 1289; Tegal, 257 F.3d at 1340-41.  Applying this analysis and emphasizing the importance of the nature of the remedy sought, the Federal Circuit has held that the right to a jury trial arises in situations where a patentee facing a claim or defense of invalidity would otherwise be able to seek damages for infringement from the alleged infringer.  See, e.g., Tech Licensing, 423 F.3d at 1289-91; Tegal, 257 F.3d at 1339-41.

Here, the only issue at trial will be the parties' competing claims for declaratory judgment regarding the validity of the '442 patent.  Since this claim does not seek damages for patent infringement, Kennedy does not have a right to a jury trial on the validity of the '442 patent.  See Tech. Licensing, 423 F.3d at 1289-91; Tegal, 257 F.3d at 1339-41.

Kennedy's argument that it is entitled to a jury trial on the issue of validity because it has other counterclaims (stayed) that seek damages for unpaid royalties under a licensing agreement and breach of contract is not persuasive.  Federal Circuit precedent instructs that Seventh Amendment analysis proceeds on a claim by claim basis.  See, e.g., Agfa Corp. v. Creo Prods., Inc., 451 F.3d 1366, 1371-73 (Fed. Cir. 2006) (affirming district court decision to separate bench trial on inequitable conduct from potential jury trial on infringement and invalidity); Gardco Mfg., Inc. v. Herst Lighting Co., 820 F.2d 1209, 1211-13 (Fed. Cir. 1987) (same).  The Federal Rules of Civil Procedure and the reasoning behind the Tull test support this approach.  See Fed. R. Civ. P. 39(a)(2) ("When a jury trial has been demanded . . . the trial on all issues so demanded must be by a jury unless . . . the court . . . finds that on some or all of those issues there is no federal right to a jury trial."); Tull, 481 U.S. at 417-18.

The Court determines that the analysis in MedImmune, Inc. v. Genentech, Inc., 535 F. Supp. 2d 1020 (C.D. Cal. 2008), is compelling. There, a patent licensee sought a declaratory judgment that a patent was invalid, unenforceable, and not infringed by the licensee. Id. at 1021. After the patentee stipulated that it would not sue the licensee for infringement, the only claims that remained before the court were for declaratory judgments of the rights and obligations under the license agreement, invalidity of the patent, and unenforceability of the patent. Id. at 1021-22. The licensee then moved to strike the patentee's demand for a jury trial. The court, analyzing each of the claims at issue individually, held that no jury trial right existed on the contract claim because the patentee conceded it could not seek damages as the contract had not been breached. Id. at 1023. Addressing the patent validity claim, the court applied the Federal Circuit's Lockwood analysis, highlighting the centrality of the nature of the relief sought, and held that because the patentee could not assert a claim for infringement damages no right to a jury trial existed on the patent validity issue. Id. at 1029. Here, Kennedy cannot assert a claim for infringement damages where the only issue at trial will be the parties' competing claims for declaratory judgment regarding the validity of the '442 patent.

The Court declines as a matter of discretion to empanel an advisory jury because a jury would not aid resolution of this complicated case. Accordingly, Abbott's motion to strike the jury demand is GRANTED.

Dated: New York, New York
       September 11, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge