# Cooper & Dunham LLP
ATTORNEYS AT LAW

30 ROCKEFELLER PLAZA, NEW YORK, NEW YORK 10112
TELEPHONE: (212) 278-0400
FACSIMILE: (212) 391-0525; 391-0526; 391-0630
www.cooperdunham.com

| | | |
|---|---|---|
| NORMAN H. ZIVIN | PETER D. MURRAY | OF COUNSEL |
| JOHN P. WHITE | PAUL TENG | CHRISTOPHER C. DUNHAM |
| GARY J. GERSHIK | WENDY E. MILLER | IVAN S. KAVRUKOV |
| ROBERT T. MALDONADO | TONIA A. SAYOUR | WILLIAM E. PELTON |
| JEFFREY L. SNOW | HINDY DYM | |
| CINDY S. SHU | ERIC M. EISENBERG | SCIENTIFIC ADVISORS |
| XUEGUANG ("CHRIS") SUN | ADAM C. KROL | ROBERT E. BOLCOME, III, Ph.D. |
| GEOFFRY T. KNUDSEN* | JAMES L. CORCORAN* | LAWRENCE P. TARDIBONO, Jr., Ph.D. |
| ALISSA M. ROLAND | AARON P. SELIKSON | PHILIP E. ALFORD, Ph.D. |

*NEW YORK STATE BAR ADMISSION PENDING

REGISTERED PATENT AGENTS
ANDREW CHUNG, B.E.
LIMOR COHEN, B.A.

FOUNDED 1887

May 12, 2014

**BY E-MAIL**

Hon. Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 735
New York, New York 10007

  Re: *AbbVie, Inc. and AbbVie Biotechnology Limited v. The Mathilda and Terence Kennedy Institute of Rheumatology Trust*, **Civil Action No. 11-cv-02541 (PAC)**

Dear Judge Crotty:

  We represent Defendant, The Kennedy Trust for Rheumatology Research ("Kennedy"), in the above-referenced action. We write in response to the May 7, 2014 letter to your Honor from Plaintiffs, AbbVie Inc. and AbbVie Biotechnology Limited (collectively, "AbbVie"), advising the Court of the U.S. Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). Contrary to AbbVie's assertion, the *Octane Fitness* case does not support AbbVie's motion for an award of attorneys' fees pursuant to 35 U.S.C. § 285; instead it supports denial of AbbVie's motion (Dkt. No. 125).

  Having initiated this action, AbbVie moved for an award of attorneys' fees on the grounds (1) that Kennedy's litigation positions allegedly contradicted statements in its patents, the '766 prosecution history, and the inventors' publications and sworn testimony, were baseless, and were pursued in bad faith; and (2) Kennedy engaged in purported litigation misconduct (Dkt. No. 125 at 4, 10). In opposition, Kennedy noted that the arguments it made to this Court were *the very same arguments* made to the U.S. Patent & Trademark Office ("PTO") during prosecution of the '442 patent application, which were accepted by the patent examiner, and, hence, were not baseless. (Dkt. No. 131 at 6.) Kennedy further argued that it was not litigation misconduct to file meritorious motions that were ultimately denied. (Dkt. No. 131 at 16-20.)

Hon. Paul A. Crotty
May 12, 2014
Page 2

In *Octane Fitness*, the Supreme Court held that the test established by the Federal Circuit in *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005), for determining whether a case is "exceptional" was too restrictive. The Court held that "an 'exceptional' case is simply one that stands out from others [i] with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or [ii] the unreasonable manner in which the case was litigated." Slip Op. at 7-8. As for the first category of cases [i], the Court held that the Federal Circuit's test was too restrictive to the extent that it required *both* that the litigation was objectively basis *and* that plaintiff brought it in subjective bad faith.

This holding is not pertinent to AbbVie's motion. As argued in Kennedy's opposition brief (and not refuted by AbbVie), this subjective/objective prong of the Federal Circuit's prior "exceptional case" test has only been applied to actions including affirmative infringement claims by a patent owner. This test is inapplicable to declaratory judgment actions for patent invalidity in which a patent owner is forced to defend the validity of its patent, which enjoys a statutory presumption of validity, and there is no counterclaim for infringement. (Dkt. No. 131 at 3-4) Moreover, Kennedy's litigation positions concerning the validity of the '442 patent are *the very same positions* that it took during prosecution of the '442 patent. There was no contrary finding by the Court, and AbbVie does not argue otherwise. This case, where Kennedy defended the validity of its patent in Court making *the very same arguments* that it made during prosecution of that patent in the PTO, does not "stand out from others" in any way. Patent owners typically make the same arguments in Court to support patent validity that they made in the PTO to support the patentability of the same patent. This case is not "exceptional" under the standard enunciated in *Octane Fitness*.

As for the second category of cases [ii], the Court held that fees may only be awarded "in the *rare case* in which a party's unreasonable conduct—while not independently sanctionable—is nonetheless *so "exceptional"* as to justify an award of fees." Slip Op. at 9 (emphasis added). For the reasons stated in Kennedy's brief, AbbVie has not shown that this is a "rare case" that was litigated so unreasonably as to make it "exceptional." This Court's denial of Kennedy's motions does not indicate litigation misconduct, and nothing in the *Octane Fitness* decision changes that. To the contrary, in *Octane Fitness*, the Supreme Court circumscribed the universe of cases that may be found to be "exceptional" under the second prong to rare cases, unlike the present case.

The Supreme Court's decision in *Octane Fitness* fully supports denial of AbbVie's motion for attorneys' fees.[1]

---

[1] The other Supreme Court decision cited by AbbVie, *Highmark, Inc. v. Health Management System, Inc.*, 134 S. Ct. 1744 (Apr. 29, 2014), concerned only the standard of review for awards of attorneys' fees, and, thus, is inapplicable to AbbVie's motion. In *Highmark*, the plaintiff sued the patent owner seeking a declaratory judgment of invalidity, unenforceability and non-infringement. After entering a final judgment of non-infringement, the district court awarded Highmark attorneys' fees because, *inter alia*, the patentee had "maintained infringement claims . . . well after such claims had been shown by its own experts to be without merit." Slip. Op. at 2. In this case, by contrast, Kennedy has not asserted a counterclaim for infringement.

Hon. Paul A. Crotty
May 12, 2014
Page 3

                                       Respectfully submitted,

                                       Robert T. Maldonado (RM-7873)
                                       Attorney for Kennedy

cc:   All counsel of record (via ECF)

4840-1220-7899, v. 1